# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| WASHINGTON MUTUAL BANK, | Civil No. 05-1422 (JRT/FLN) |
| Plaintiff, | |
| v. | |
| CHAD L. BELVILLE, LAWYERS TITLE SERVICES CORPORATION, and ATTORNEY'S TITLE INSURANCE FUND, INC., | |
| Defendants. | **ORDER AFFIRMING MAGISTRATE JUDGE'S ORDER GRANTING MOTION TO AMEND THE SCHEDULING ORDER** |
| And | |
| ATTORNEY'S TITLE INSURANCE FUND, INC., | |
| Cross-Claimant, | |
| v. | |
| CHAD L. BELVILLE and LAWYERS TITLE SERVICES CORPORATION, | |
| Cross-Defendants. | |

Kurt M. Mitchell and Keith S. Moheban, **LEONARD, STREET AND DEINARD, P.A.**, 150 South Fifth Street, Suite 2300, Minneapolis, MN 55402, for plaintiff.

Chad L. Belville, 304 East Beth Drive, Phoenix, AZ 85042, defendant and cross-defendant *pro se*.

Matthew Jones and Thomas B. Olson, **OLSON & LUCAS**, One Corporate Center I, 7401 Metro Boulevard, Suite 575, Edina, MN  55439, for defendant and cross-claimant Attorney's Title Insurance Fund, Inc.

Cross-claimant Attorney's Title Insurance Fund, Inc. ("ATIF") filed a motion to amend the scheduling order to allow it to file a summary judgment motion out of time. United States Magistrate Judge Franklin L. Noel granted the motion in an Order dated August 8, 2007.  Cross-defendants Chad Belville and Lawyers Title Services Corporation now object to the Order on grounds that ATIF's notice of hearing was not timely served.

A Magistrate Judge's order on nondispositive pretrial matters may be reversed only if it is clearly erroneous or contrary to law.  *See* 28 U.S.C. § 636(b)(1)(A); D. Minn. LR 72.2(a).  Under Local Rule 7.1(a)(1), a notice of motion must be served "at least 14 days prior to hearing."  In this case, ATIF sent its notice of motion to Belville by first class mail on July 23, 2007, within 14 days of the hearing date on August 6, 2007.  *See* Fed. R. Civ. P. 5(b)(2)(B), 6(a).  Belville argues that Local Rule 5.4 and Federal Rule of Civil Procedure 6(e) create an additional three-day requirement when a party serves notice by mail, such that ATIF was required to serve notice 17 days prior to the hearing date.

However, Rule 6(e) provides that "[w]henever a party must or may act within a prescribed period *after service* and service is made [by mail], 3 days are added after the prescribed period would otherwise expire under [Rule 6(a)]."  Fed. R. Civ. P. 6(e) (emphasis added).  The plain language of Rule 6(e) grants a three-day extension to the *responding* party after notice has been served by first class mail.  Thus, there is no

requirement that ATIF serve notice 17 days prior to the hearing date. The Court overrules cross-defendants' objections and affirms the Magistrate Judge's Order granting ATIF's motion to file a summary judgment motion out of time.

## ORDER

Based on the foregoing, all the files, records, and proceedings herein, the Court **AFFIRMS** the Magistrate Judge's Order dated August 8, 2007 [Docket No. 91] granting the motion to amend the scheduling order to allow Attorneys' Title Insurance Fund, Inc. to file a summary judgment motion out of time [Docket No. 80].

DATED:   October 30, 2007                             s/ John R. Tunheim   _
at Minneapolis, Minnesota.                                JOHN R. TUNHEIM
                                                      United States District Judge