**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

---

WASHINGTON MUTUAL BANK, FA,

Plaintiff,

v.

CHAD L. BELVILLE, LAWYERS TITLE SERVICES CORPORATION, and ATTORNEY'S TITLE INSURANCE FUND, INC.,

Defendants.

and

ATTORNEY'S TITLE INSURANCE FUND, INC.,

Cross-Claimant,

v.

CHAD L. BELVILLE and LAWYERS TITLE SERVICES CORPORATION,

Cross-Defendants.

Civil No. 05-1422 (JRT/FLN)

**MEMORANDUM OPINION AND ORDER DENYING CROSS-CLAIMANT'S MOTION FOR SUMMARY JUDGMENT AND DISMISSING CROSS-CLAIM**

---

Keith S. Moheban, **LEONARD, STREET AND DEINARD, P.A.**, 150 South Fifth Street, Suite 2300, Minneapolis, MN 55402; and Kurt M. Mitchell, **HELLMUTH & JOHNSON**, 10400 Viking Drive, Suite 500, Eden Prairie, MN 55344, for plaintiff.

Chad L. Belville, 304 East Beth Drive, Phoenix, AZ 85042, defendant and cross-defendant *pro se*.

Matthew Jones, **OLSON & LUCAS**, One Corporate Center I, 7401 Metro Boulevard, Suite 575, Edina, MN 55439, and Thomas B. Olson, **THOMAS B. OLSON & ASSOCIATES**, 7401 Metro Boulevard, Suite 575, Edina, MN 55439 for defendant and cross-claimant Attorney's Title Insurance Fund, Inc.

Plaintiff Washington Mutual Bank sought payment from defendants for a dishonored check issued by Lawyers Title Services Corporation. Defendant Attorney's Title Insurance Fund ("ATIF") asserted a cross-claim against defendants Chad Belville and Lawyers Title Services seeking indemnity and contribution for its liability. ATIF subsequently paid Washington Mutual $130,000 as part of a settlement agreement. ATIF then filed this motion for summary judgment on its cross-claim against Belville and Lawyers Title Services, seeking repayment of the $130,000. For the reasons set forth below, the Court finds that ATIF's cross-claim is barred by the terms of the settlement agreement. The Court therefore denies ATIF's motion for summary judgment and dismisses its cross-claim.

**BACKGROUND**

Defendant Chad Belville is the sole shareholder, officer, and director of defendant Lawyers Title Services, an Iowa company that provides title services in Minnesota. Belville worked in Minnesota as a licensed agent of Attorney's Title Guarantee Fund ("ATGF"). ATGF issues title commitments and sells title insurance in Minnesota as an agent of ATIF. The agency agreement between ATGF and ATIF allows ATGF to appoint sub-agents, and provides that sub-agents are similarly bound by the terms of the agency agreement. It is undisputed that Belville worked as a sub-agent of ATIF.

Belville maintained numerous bank accounts containing closing funds associated with real estate transactions. One such account ("Northwoods 1005209") was held in the name of Lawyers Title Services. Belville maintained a $5 million balance in the Northwoods 1005209 account. He earned interest for his personal use on the closing funds that were held in that account, and he borrowed $170,000 from the account to finance a townhouse that he purchased for himself. In 2001 and 2002, Belville began having difficulty balancing his various accounts.

In March 2002, Belville provided title insurance to Tim and Suzanne Lindquist, who had decided to refinance their home. The Lindquists' old mortgage was held by plaintiff Washington Mutual. Funds for the Lindquists' new mortgage were deposited into the Northwoods 1005209 account, and on April 2, 2002, a check for $466,432.46 was issued from the Northwoods 1005209 account to Washington Mutual to satisfy the Lindquists' old mortgage. Belville's signature appeared on the check. When Washington Mutual attempted to cash the check, the check was returned because there were insufficient funds in the account.

A short time later, Belville discovered that approximately $1 million was missing from his various accounts. He notified ATGF of the shortfall. Following an investigation, Belville was instructed to liquidate all of his accounts and to turn the remaining funds over to ATGF. ATGF took control of Belville's money and business records, and made payments to all of Belville's creditors with the exception of Washington Mutual.

Washington Mutual brought an action against Belville, Lawyers Title Services, ATGF, and ATIF, seeking to recover on the dishonored check. ATIF filed a cross-claim for indemnity and contribution against Belville and Lawyers Title Services. On October 17, 2007, Washington Mutual, ATGF, and ATIF entered into a written settlement agreement. The settlement agreement states that "[t]he parties release each other from any and all claims of every kind and nature except for the timely performance of the terms of this settlement agreement. The release of ATIF and ATGF shall be in the nature of a *Pierringer* release to be drafted and agreed separately." (Aff. of Kurt Mitchell, Ex. A.) The subsequently drafted release states, "It is the intention of the parties to the settlement agreement . . . to extinguish any potential liability on the part of [ATIF] for contribution or indemnity that might be claimed against it." (Jones Aff., Ex. G.)

Washington Mutual filed a motion for summary judgment on its pending claim against Belville and Lawyer Title Services. On October 30, 2007, this Court granted Washington Mutual's motion for summary judgment against Belville and Lawyers Title Services, finding that Lawyers Title Services, the issuer of the dishonored check, was required under Minnesota law to make payment according to the terms of the check. *See* Minn. Stat. § 336.3-414(b). The Court further determined that liability for the dishonored check should be imposed against Belville in the amount of $206,432.46, the amount of the dishonored check ($466,432.46) less the $260,000 paid by ATGF and ATIF pursuant to the settlement agreement.

Following its settlement payment to Washington Mutual, ATIF filed the instant motion for summary judgment on its indemnity cross-claim, seeking repayment of the $130,000 it paid to Washington Mutual as part of the settlement agreement. Belville responds that the settlement agreement between ATIF and Washington Mutual contains a *Pierringer* release, which precludes ATIF from seeking indemnity and thus requires dismissal of ATIF's cross-claim. Because a *Pierringer* release would effectively bar ATIF from asserting its cross-claim for indemnity against Belville and Lawyers Title Services, the Court first considers whether the settlement agreement and release require dismissal of ATIF's cross-claim.

## ANALYSIS

### I. *PIERRINGER* RELEASE

Prior to the recognition of the *Pierringer* release,[1] the common law rule in Minnesota was that a release of one joint tortfeasor required the release of all others. *Frey v. Snelgrove*, 269 N.W.2d 918, 921 (Minn. 1978). The *Pierringer* release allows a plaintiff to release settling defendants while preserving his cause of action against other joint tortfeasors. *Id.* At the same time, by indemnifying a settling defendant against potential contribution from other tortfeasors, the plaintiff assures the settling defendant that its liability is limited to its proportionate fault only. *Bunce v. A.P.I., Inc.*, 696 N.W.2d 852, 856 (Minn. Ct. App. 2005). "The legal effect of the *Pierringer* release is that each tortfeasor pays only its proportionate share of liability, and no more, and, thus, there can be no liability for contribution." *Id.* Thus, the settling tortfeasor is ordinarily

[1] The *Pierringer* release is derived from the decision of the Wisconsin Supreme Court in *Pierringer v. Hoger*, 124 N.W.2d 106 (Wis. 1963).

dismissed with prejudice from the lawsuit, and all cross-claims for contribution between the settling defendant and the remaining defendants are likewise dismissed. *Rambaum v. Swisher*, 435 N.W.2d 19, 22 (Minn. 1989).

The basic elements of a *Pierringer* release are (1) the release of the settling defendants from the action and the discharge of a part of the cause of action equal to that part attributable to the settling defendants' causal negligence; (2) the reservation of the remainder of plaintiff's causes of action against the nonsettling defendants; and (3) plaintiff's agreement to indemnify the settling defendants from any claims of contribution made by the nonsettling parties and to satisfy any judgment obtained from the nonsettling defendants to the extent the settling defendants have been released. *Frey*, 269 N.W.2d at 920 n.1.

Belville argues that ATIF's cross-claim for indemnity must be dismissed because the language of the settlement agreement shows that ATIF entered into a *Pierringer* release with Washington Mutual when it executed the settlement agreement. Belville's argument requires the Court to interpret the settlement agreement and release. A settlement agreement is a contract. *Ryan v. Ryan*, 193 N.W.2d 295, 297 (Minn. 1971). Courts therefore give a settlement agreement's unambiguous language its plain and ordinary meaning. *State ex rel. Humphrey v. Philip Morris USA, Inc.*, 713 N.W.2d 350, 355 (Minn. 2006). When the operative language of a settlement agreement is ambiguous, the contract should be considered as a whole in light of the circumstances surrounding its formation to ascertain the intent of the parties. *Id.*

The Court finds that the language of the settlement agreement and release shows unambiguously that Washington Mutual and ATIF entered into a *Pierringer* release. First, the settlement agreement states that "[t]he release of ATIF and ATGF shall be in the nature of a *Pierringer* release to be drafted and agreed separately." (Aff. of Kurt M. Mitchell, Ex. A.) *See Bunce*, 696 N.W. 2d at 857 (finding that similar language undercut defendant's argument that it did not intend to enter into a *Pierringer* release). Second, contrary to ATIF's assertions, Washington Mutual agreed to indemnify ATIF from any claims of contribution or indemnity. The language of the release specifically provides that the parties intend "to extinguish any liability on the part of [ATIF] for contribution or indemnity that might be claimed against it." (Jones Aff., Ex. G.) This language necessarily encompasses any claims for contribution or indemnity asserted by Belville against ATIF. Finally, the release provides that Washington Mutual has discharged that portion of its cause of action attributable to the percentage of ATIF's causal negligence,[2] while at the same time reserving its cause of action against Belville.

ATIF argues that it expressly reserved in the release its right to maintain an indemnity claim against Belville. However, a *Pierringer* release necessarily extinguishes any outstanding claims of contribution or indemnity between co-defendants. *Frey*, 269 N.W.2d at 923 ("Since the settling defendant has fixed his limits of financial liability to the plaintiff by entering into the release, he is deemed also to have relinquished any cross-claims against the remaining defendants."); *Bunce*, 696 N.W. 2d at 857 (holding

[2] The Court's Order dated October 30, 2007, granting summary judgment in favor of Washington Mutual against Belville, took into account the portion of damages attributable to ATIF and ATGF. Specifically, the Court subtracted the settlement payment provided by ATIF and ATGF from the total amount of damages awarded against Belville.

that a *Pierringer* release precludes a defendant from expressly reserving a contribution claim against a non-settling defendant). Here, Washington Mutual agreed to indemnify ATIF from any cross-claims of contribution or indemnity. Instead of dismissing all defendants from the case, the *Pierringer* release allowed Washington Mutual to maintain claims against Belville and Lawyers Title Services while at the same time assuring the defendants that they would not have to pay more than their fair share of any award. *See Rambaum*, 435 N.W.2d at 22. As discussed above, this assurance forecloses cross-claims for indemnity or contribution between defendants.

For these reasons, the Court agrees with Belville that Washington Mutual and ATIF entered into a *Pierringer* release. The effect of the *Pierringer* release is to preclude further cross-claims for indemnity or contribution between co-defendants. Accordingly, ATIF's motion for summary judgment is denied and its cross-claim for indemnity is dismissed.

## ORDER

Based on the foregoing, all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that ATIF's Motion for Summary Judgment [Docket No. 93] is **DENIED**. **IT IS FURTHER ORDERED** that ATIF's cross-claim for indemnity against Belville and Lawyers Title Services [Docket No. 9] is **DISMISSED with prejudice.**

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: March 13, 2008
at Minneapolis, Minnesota.

s/ John R. Tunheim
JOHN R. TUNHEIM
United States District Judge